WATTS *et al.*, executors, *vs.* HAINES.

1. Where a request to charge was based upon no evidence, it was properly refused.
2. There is sufficient testimony to support the verdict.

Charge of Court. New trial. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1877.

Reported in the decision.

PEABODY & BRANNON, for plaintiffs in error.

W. H. LITTLE; B. H. CRAWFORD, for defendant.

WARNER, Chief Justice.

The plaintiff brought her action against the defendants as the executors of Walter Dortch, deceased, to recover for her services rendered the defendants' testator and his family in his lifetime, under an alleged contract made with him. The declaration contained three counts—two of which set forth the contract, and the third was a *quantum merui* count. On the trial of the case, the jury, under the evidence, found a verdict in favor of plaintiff for the sum of $800.00. The defendants made a motion for a new trial on the grounds therein stated, which was overruled, and the defendants excepted.

1. It appears from the evidence in the record, that Walter Dortch, the defendants' testator, was the uncle of the plaintiff, and had a wife and three children; that he and his wife were not in good health, and proposed to the father and mother of plaintiff, she being present and about seventeen years of age, that if she would go and live with him until his death, or until she should marry, that he would

give her a child's part of his property at his death, or $2,-000.00, and treat her like a daughter; that she went to live with him under this contract, and continued to live with him until his death, a period of sixteen years—and that she rendered valuable services to him and his family. The main ground of error insisted on here by the plaintiffs in error, was the refusal of the court to give in charge to the jury the following written request, " that if the jury believe that Mr. Dortch invited the plaintiff, who was his niece, to live with him as one of his family, and at the same time promised her, not as a compensation for her services, that he would, if she would live with him until she married, or until he died, give her two thousand dollars, or a child's part out of his estate, that is a voluntary promise, and she cannot recover." This charge of the court was properly refused in view of the evidence contained in the record. From that evidence it is quite clear, we think, that the plaintiff's father voluntarily allowed her, then a minor, to make the contract with the defendants' testator for her services upon the terms therein stated, and that the same was made by her with his consent, or by him for her, as it was entirely competent for them to have done under the provisions of the 1793rd section of the Code.

The services which it was contemplated she should render the testator and his family when the contract was made, and the services which she did render them as shown by the evidence in the record, were a sufficient consideration to support that contract, and therefore the verdict was not contrary to law or the evidence. The objection to the competency of Mrs. Haines to testify in the case was waived on the argument here, but if she was not a competent witness, there was quite sufficient other evidence in the record to support the verdict, and there was no error in overruling the defendants' motion for a new trial.

Let the judgment of the court below be affirmed.